IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 6:12-cv-141-LED |
| v. § | |
| § | JURY TRIAL DEMANDED |
| ORACLE CORPORATION et al., § | |
| § | |
| Defendants. § | |

**DEFENDANTS' MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS
OF FIRST AMENDED COMPLAINT**

Defendants Oracle Corporation, Oracle OTC Subsidiary LLC (f/k/a Art Technology Group, LLC), Best Buy Co., Inc., BestBuy.com LLC, Neiman Marcus, Inc., The Neiman Marcus Group, Inc., BergdorfGoodman.com, LLC, and OfficeMax, Inc. (collectively, the "Defendants"), through their undersigned attorneys, hereby move to dismiss all claims of indirect infringement in Plaintiff's First Amended Complaint for Patent Infringement (Dkt. 40), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. In support of their Motion, Defendants state the following:

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ........................................................................2
*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, 2010 WL 5175172, at *1 and 3 (E.D. Tex. March 29, 2010) ..................................................................................................5, 9
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 570 (2007) ....................................................1, 2
*DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed.Cir. 2006)..................................7
*Global TechAppliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ......................................6
*Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1364 & n. 4 (Fed.Cir. 2006) .......7
*Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) ......................................................................2
*In re Bill of Lading*, 2010 WL 749891, at *9 (S.D. Ohio Feb. 23, 2010) .........................................8
*In re Bill of Lading*, No. 2010-1493 (Fed. Cir. June 7, 2012) ........................................................8
*Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, 2010 WL 5343173, at *3 (E.D. Tex. March 29, 2010) ..................................................................................................5, 9
*Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F.Supp.2d 349, 354 n.1 (D.Del. 2009) ..............................6
*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) ....................................1
*Metabolite Labs., Inc. v. Lab. Corp. of Amer. Holdings*, 370 F.3d 1354, 1365 (Fed.Cir. 2004) ....8
*Network 1 Security Solutions v. Alcatel-Lucent USA, Inc., et al.*, Case No. 6:11-cv-492-LED, Order of May 14, 2012 [Doc. 145]...................................................................................4
*Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1293 (Fed.Cir. 2008) .................7
*Toshiba Corp v. Imation Corp., et al.*, 2012 WL 2087187, *4 (Fed. Cir. Jun. 11, 2012)................8

**Rules**

Fed.R.Civ.P. 12(b)(6) ................................................................................................................10
Fed.R.Civ.P. 8 ..........................................................................................................................10

## I.   STATEMENT OF THE ISSUE

The issue that this Court must decide is whether the First Amended Complaint's induced and contributory infringement allegations state a plausible claim for relief when they (1) fail to plead sufficient facts showing that the non-Oracle Defendants ("Retailers") had pre-litigation knowledge of the asserted patents; (2) fail to identify acts that induced a third party to infringe or that plausibly suggest the Defendants had a specific intent to induce infringement; and (3) offer only the conclusion that the accused systems and methods have no substantial non-infringing uses.

## II.   LEGAL STANDARD

Regional circuit law applies to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (internal quotations omitted); *see Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A complaint need not contain detailed factual allegations, but a plaintiff must plead sufficient <u>facts</u> to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Instead, a claim must contain sufficient allegations of <u>fact</u> to be facially plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief.

1

*Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (citations omitted). Although factual allegations are taken as true, legal conclusions are given no deference. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  PROCEDURAL HISTORY

On March 14, 2012, Soverain Software LLC ("Soverain") filed its Complaint for Patent Infringement. (Dkt. 1.)  On June 15, 2012, Defendants filed a Motion to Dismiss Indirect Infringement Claims. (Dkt. 32.)  On July 2, 2012, Soverain filed a First Amended Complaint for Patent Infringement (Dkt. 40) and a Response to Defendants' Motion to Dismiss (Dkt. 41). Soverain's Response argues that Defendants' Motion is moot because the original Complaint is no longer operative.

### IV.  ARGUMENT

The indirect infringement allegations in Soverain's First Amended Complaint do not state a plausible claim for relief.  Instead of pleading sufficient <u>facts</u> to show that it is plausibly entitled to relief, Soverain recites the elements of a claim for indirect infringement, asserts conclusions, and speculates.

Soverain's First Amended Complaint alleges that Defendants directly and indirectly infringe U.S. Patents 5,715,314 and 5,909,492 (the "patents-in-suit").  With respect to Oracle, Soverain alleges that Oracle induces "others," including "clients," the Retailers, and the Retailers' "customers," to infringe. (Dkt. 40, ¶¶ 15, 18.) The First Amended Complaint does not explain how Oracle induces.  It simply asserts that Oracle does induce others to infringe and that others infringe by using Oracle's systems and software "to implement their respective e-commerce websites and network-based sales systems" and "to implement their hypertext

2

statement systems for storing and retrieving order details and status." (Dkt. 40, ¶ 15.) Soverain infers that Oracle specifically intended to induce others' direct infringement because Oracle "contract[s] with, sell[s], offer[s] to sell, market[s], advertise[s], and encourage[s] the Retailers to implement the network-based sales system and hypertext statement system functionalities into their respective e-commerce websites." (*Id.* ¶ 18.) Soverain alleges that Oracle is liable for contributory infringement because it contributes "to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in [the patents-in-suit]" and because "the accused systems and methods have no substantial non-infringing uses." (*Id.* ¶ 19.) Soverain's First Amended Complaint does not identify the accused systems and methods and does not explain why there are no substantial non-infringing uses.

    Soverain's indirect infringement allegations against the Retailers are similar to the allegations against Oracle.  Soverain alleges that the Retailers induce "others," including the Retailers' "customers," to infringe. (Dkt. 40, ¶¶ 24, 26, 31, 33, 38, 40.)  The First Amended Complaint does not explain how the Retailers induce.  It simply asserts that the Retailers do induce others to infringe and that others infringe by accessing the Retailers' websites "to search for products offered and sold …, adding to and removing products from an electronic shopping cart …, and ultimately paying for those products …." (*Id.* ¶¶ 24, 31, 38.)  Soverain further alleges that the Retailers' customers infringe by accessing the Retailers' "websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed …." (*Id.*)  Soverain infers that the Retailers specifically intended to induce others' direct infringement because the Retailers "allow and encourage visitors and customers … to utilize network-based sales systems and hypertext statement systems." (*Id.* ¶¶ 26, 33, 40.)  Soverain

alleges that the Retailers are liable for contributory infringement because they contribute "to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in [the patents-in-suit]" and because "the accused systems and methods have no substantial non-infringing uses." (*Id.* ¶¶ 27, 34, 41.) Soverain's First Amended Complaint does not identify the accused systems and methods and does not explain why there are no substantial non-infringing uses.

In sum, Soverain offers no <u>facts</u> to supports its allegations of induced and contributory infringement but rather relies on conclusions and speculation.

**A.      Soverain Fails to State a Plausible Claim of Induced or Contributory Infringement.**

This Court has emphasized repeatedly the high level of pre-lawsuit preparation and investigation it expects from patent plaintiffs. *Network 1 Security Solutions v. Alcatel-Lucent USA, Inc., et al.*, Case No. 6:11-cv-492-LED, Order of May 14, 2012 [Doc. 145]. For example, in *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, 2010 WL 5343173, at *3 (E.D. Tex. March 29, 2010), this Court granted defendants' Rule 12(b)(6) motion to dismiss, finding that the following allegations of indirect infringement did not meet the pleading standards of Rule 8:

> "Upon information and belief, the Defendants have infringed and continue to infringe one or more claims of the '003 patent by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products and services. Upon information and belief, the Defendants have also contributed to the infringement of one or more claims of the '003 patent, and/or actively induced others to infringe one or more claims of the '003 patent, in this District and elsewhere in the United States."

*Joao Bock*, 2010 WL 5343173, at *1. Similarly, in *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, 2010 WL 5175172, at *1, *3 (E.D. Tex. March 29, 2010), the Court dismissed indirect infringement claims consisting of the following allegations:

4

> "Defendants have contributorily infringed and/or induced others to infringe and continue to contributorily infringe and/or to induce others to infringe the '120 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the claimed method and apparatus of the '120 Patent without authority or license of Bedrock."

Soverain's indirect infringement allegations against Defendants are as cursory and formulaic as the allegations in the above-cited cases. Accordingly, Soverain's indirect infringement claims should be dismissed.

### 1. Soverain's Indirect Infringement Claims Against the Retailers are Facially Implausible.

Soverain's First Amended Complaint: (1) fails to plead sufficient facts showing that the Retailers had pre-litigation knowledge of the patents-in-suit; (2) fails to identify acts by the Retailers that induced a third party to infringe or that plausibly suggest the Retailers had a specific intent to induce infringement; and (3) offers only the conclusion that the Retailers' websites have no substantial non-infringing uses.

A plaintiff alleging induced infringement must show that the defendant had actual knowledge of, or was willfully blind to, both the existence of the asserted patents and their alleged infringement by the direct infringer. *Global TechAppliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Soverain does not allege that any Defendant other than Oracle OTC Subsidiary LLC (successor to Art Technology Group, Inc.) had pre-litigation knowledge of the patents-in-suit. Instead, Soverain's First Amended Complaint speculates that the Retailers might have known about the patents-in-suit by virtue of Soverain's past lawsuits against other retailers with e-commerce websites. (Dkt. 40, ¶¶ 25, 32, 39.) Soverain's speculation is not an allegation of <u>fact</u> sufficient to show that that the Retailers had both knowledge of the patents-in-suit and knowledge that their customers allegedly were infringing. Alternatively, Soverain asserts that

5

the Retailers knew about the patents-in-suit when it filed the original Complaint. Although it is true that Soverain's Complaint made the Retailers aware of the patents-in-suit, post-lawsuit knowledge is insufficient as a matter of law to prove indirect infringement. *See*, *e.g.*, *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009).

Soverain also does not allege actions by the Retailers that induced a third party to infringe or that plausibly suggest the Retailers had a specific intent to induce infringement. *See*, *e.g.*, *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (inducement requires proof of "specific intent and action to induce infringement"; "mere knowledge of possible infringement by others does not amount to inducement"). Instead, Soverain generally alleges that the Retailers made their websites available to "visitors and customers" and that their "customers" used the websites to purchase products. These allegations are not enough to draw a reasonable inference that the Retailers specifically intended to induce their customers to infringe the patents-in-suit. A plaintiff must allege specific acts or practices that would inevitably result in infringement, such as providing product manuals that encourage customers to use the product in an infringing manner. *See*, *e.g.*, *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1293 (Fed. Cir. 2008) (finding inducement where defendant's product manual "encouraged customers" to use accused products in an infringing combination with other products); *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1364 & n.4 (Fed. Cir. 2006) (customers infringed by following instructions for assembling accused product and defendant "intended to have customers assemble the apparatus in accordance with the instructions" and "had notice of the patent"); *Metabolite Labs., Inc. v. Lab. Corp. of Amer. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004) (publications "promot[ing]" infringing method support jury finding of intent to induce

6

infringement). Soverain's First Amended Complaint does not allege such acts or practices by the Retailers.

Although Soverain's First Amended Complaint concludes that the Retailers' websites have no substantial non-infringing uses, it fails to allege <u>facts</u> supporting that conclusion. Soverain's allegation, therefore, fails to create a plausible inference that there are no substantial non-infringing uses. *See Toshiba Corp v. Imation Corp., et al.*, 2012 WL 2087187, *4 (Fed. Cir. Jun. 11, 2012) (upholding grant of summary judgment on contributory infringement where plaintiff failed to raise triable issue regarding lack of substantial non-infringing use); *In re Bill of Lading*, 2010 WL 749891, at *9 (S.D. Ohio Feb. 23, 2010) (dismissing contributory infringement claims for failing adequately to plead knowledge of the patents and substantial non-infringing uses) *rev'd in non-relevant part by In re Bill of Lading*, No. 2010-1493 (Fed. Cir. June 7, 2012) (affirming dismissal with respect to allegations of contributory infringement).

For the above reasons, Soverain's indirect infringement claims against the Retailers should be dismissed.

### 2. Soverain's Indirect Infringement Claims Against Oracle are Similarly Deficient.

Although Soverain does allege that Art Technology Group, Inc. (predecessor to Oracle OTC Subsidiary LLC) had knowledge of the Soverain patents before this lawsuit, Soverain's claims against Oracle suffer from the other defects described above in connection with Soverain's indirect infringement allegations against the Retailers. Soverain's First Amended Complaint concludes and infers that Oracle specifically intends to induce infringement and has committed inducing acts, but it does not set forth <u>facts</u> supporting these conclusions and inferences. Likewise, Soverain concludes that Oracle's products have no substantial non-

7

infringing uses but offers no allegations of <u>fact</u> in support. Accordingly, Soverain's indirect infringement claims against Oracle should be dismissed.

## B. Soverain's Pleading Failure is Not Excusable Given Its Prior Litigations Before This Court.

Allowing Soverain to proceed with its conclusions and speculation of induced and contributory infringement would unduly prejudice Defendants because the First Amended Complaint "simply fails to inform Defendants as to what they must defend." *Joao Bock*, 2010 WL 5343173, at *3. As noted above, this Court has repeatedly affirmed that it "has high expectations of a plaintiff's preparedness before it brings suit." *Bedrock Computer*, 2010 WL 5175172, at *3. Soverain's First Amended Complaint fails to meet this Court's expectations and fails to provide Defendants with sufficient notice of the indirect infringement claims alleged against them, in contravention of the requirements of Federal Rule of Civil Procedure 8. Soverain's failure is particularly inexcusable, given that it has litigated these patents through trial on multiple occasions. (Dkt. 1 ¶ 9.) Given its extensive litigation history, Soverain should have been able to determine, before filing this lawsuit, the precise theories it intends to apply in asserting its patents against each Defendants' respective product.

## V. CONCLUSION

For these reasons, the Court should dismiss Plaintiff's claims for induced and contributory infringement against all Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted on July 19, 2012.

    s/Clayton C. James_____
Clayton C. James
Srecko Vidmar
HOGAN LOVELLS LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
lucky.vidmar@hoganlovells.com

*Attorneys for Defendants Oracle Corporation, Oracle OTC Subsidiary LLC, Best Buy Co., Inc., BestBuy.com LLC, Neiman Marcus, Inc., The Neiman Marcus Group, Inc., BergdorfGoodman.com, LLC, and Office Max, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2012, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS OF FIRST AMENDED COMPLAINT** using the Court's ECF system which will electronically serve the same upon all counsel of record.

*s/Srecko Vidmar*
Srecko Vidmar