# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISON

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**ORACLE CORPORATION, ORACLE OTC SUBSIDIARY LLC, BEST BUY CO., INC., BESTBUY.COM, LLC, NEIMAN MARCUS, INC., THE NEIMAN MARCUS GROUP, INC., BERGDORFGOODMAN.COM, LLC, and OFFICE MAX, INC.**<br><br>    Defendants. | Civil Action No. 6:12-cv-141[1]<br><br>**JURY TRIAL DEMANDED** |

## MOTION FOR RECONSIDERATION AND
## MODIFICATION OF THE PROTECTIVE ORDER

In order to prevent manifest injustice, Defendants eBay Inc., GSI Commerce, Inc., PayPal, Inc., RadioShack Corp., Oracle Corporation, Oracle OTC Subsidiary LLC, Best Buy Co., Inc., BestBuy.com, LLC, Neiman Marcus, Inc., The Neiman Marcus Group, Inc., BergdorfGoodman.com, LLC, International Business Machines Corp., Fossil, Inc., and Home Depot U.S.A. Inc., J. Crew Group Inc., Madewell Inc., Kohl's Corporation, Kohl's Department Stores, Inc., Macy's, Inc., Macys.com, Inc., Bloomingdale's, Inc., Staples, Inc., Quill Corporation, Euromarket Designs, Inc., Meadowbrook L.L.C., Nordstrom, Inc., Williams-Sonoma, Inc., Saks Incorporated, Saks Direct, LLC, Office Depot, Inc., Walgreen Co.,

---

[1] Cases consolidated for pre-trial proceedings (except for venue) are: Case Nos. 6:12-cv-142, 6:12-cv-143, 6:12-cv-144, 6:12-cv-145, 6:12-cv-146, 6:12-cv-147, 6:12-cv-148, 6:12-cv-149, 6:12-cv-150, 6:12-cv-151, 6:12-cv-152, and 6:12-cv-153.

Beauty.com, Inc., Drugstore.com, Inc., and VisionDirect, Inc. and OfficeMax, Inc. (collectively "Defendants") respectfully submit this motion for reconsideration of the Court's Order of January 14, 2013 and for modification of the Protective Order entered January 17, 2013. *See* D.I. Nos. 123 & 125. As entered, the Court's Order of January 14, 2013 ("Order")[2] would allow Soverain's President—a "competitive decision-maker" under the law—to see the Defendants' highly sensitive information related to "unreleased products, future business plans, and strategies for competition." *See* D.I. No. 123.

## INTRODUCTION

Defendants respectfully submit that through a possible misunderstanding over the nature and role of Soverain's in-house counsel, the Protective Order entered by this Honorable Court will subject the Defendants to an unreasonable risk of having their most sensitive, forward-looking business strategy and plans provided to and used, whether inadvertently or otherwise, by Soverain to the detriment and prejudice of the Defendants. Soverain's in-house counsel, who under the current language in the Protective Order, will have access to the Defendants' information regarding "unreleased products, future business plans, and strategies for competition," is Ms. Katharine Wolanyk, the President of Soverain. Soverain and Ms. Wolanyk have previously represented, through testimony to this Court and public documents, that Ms. Wolanyk's responsibilities include:

- engaging an engineering team;
- reaching out to customers and securing income for Soverain;
- negotiating Soverain's patent licenses;

---

[2] The parties are otherwise proceeding in accordance with the Order. The attached Proposed Modified Protective Order (Ex. A.) only reflects changes regarding the sole issue of the instant Motion. *See* Ex. A. ¶ 6 Subparts c. and d.

- participating in patent prosecution at the USPTO; and
- overseeing development of the Soverain product.

In sum, these responsibilities place Ms. Wolanyk in the precise category of individuals who should not have any access whatsoever to Defendants' highly sensitive information regarding "unreleased products, future business plans, and strategies for competition."

## ARGUMENT

It is this Court's practice to consider a motion for reconsideration of interlocutory orders under the same standard as Federal Rule of Civil Procedure 59(e). *See, e.g.*, *WI-Lan, Inc. v. Acer, Inc.*, No. 2:07-cv-474, 2010 U.S. Dist. LEXIS 138111, at *22-23 (E.D. Tex. Dec. 30, 2010) (granting reconsideration based Rule 59(e) standard); *see also*, *Jacoby v. Trek Bicycle Corp.*, No. 2:11-cv-124, 2011 U.S. Dist. LEXIS 82597, at *4 (E.D. Tex. July 28, 2011). Accordingly, the grounds for reconsideration include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *WI-Lan*, 2010 U.S. Dist. LEXIS 138111, at *22-23 (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Here, manifest injustice would result if the Court allowed Soverain's in-house counsel, Ms. Wolanyk, who also serves as its President, to see Defendants' highly sensitive and forward-looking information regarding unreleased products, future business plans, and strategies for competition.

As the Court recognized in the Order, the sole dispute between the parties was whether the category of "Confidential – Outside Counsel Only" information, the highest level of protection outside of source code, should include "<u>unreleased</u> products, <u>future</u> business plans and strategies for competition." Order (emphasis added). Soverain took the position that this type of information should merely be "confidential," while it was Defendants' position that this type of

3

material, which is some of a company's <u>most sensitive</u>, restricted material, should receive the highest level of protection. However, in its briefing to the Court, Soverain submitted an alternative proposal, namely that this information could be handled like financial information, which the parties had agreed could be disclosed to in-house counsel but would otherwise be treated as "outside counsel only" information:

> Moreover, information such as "business plans and strategies for competition" are more akin to financial information and could be handled similarly. That is, in-house counsel for Soverain would have access to Defendants' "<u>business plans and strategies for competition</u>" and vice versa, but in-house counsel for Defendant would not have access to another Defendants' "business plans and strategies for competition."

D.I. No. 121 ("Motion") at p. 3 (emphasis added). [3,4] In making this alternative proposal, Soverain suggested to this Court that the issue was merely whether Soverain's "in-house counsel" could have access to this information. The Court adopted Soverain's alternative proposal and allowed Soverain's in-house counsel access to the Defendants' most confidential and strategically important information and documents. *See* Order.

However, Soverain did <u>not</u> inform this Court that its in-house counsel, Ms. Wolanyk, is <u>also</u> its top executive and is extensively involved in competitive decision making. Ms. Wolanyk

---

[3] While Soverain suggested that the only information at issue was "business plans and strategies for competition," the information in dispute is in fact "<u>unreleased products</u>, <u>future</u> business plans, and strategies for competition."

[4] In the Motion, Defendants noted that, even if the Court were to accept Soverain's position (a position with which Defendants disagreed), then at a <u>minimum</u>, that information must be included in 6(c) (*i.e.,* treated as financial information) since the Defendants in this case had agreed among themselves that information related to "unreleased products, future business plans and strategies for competition," like financial information, would not be shared among other Defendants' in-house counsel. Motion at pp. 5-6, n.2. However, as Defendants made clear in the next sentence, Defendant's position was—and is—that Soverain's in-house counsel, a competitive decision maker, should be precluded from seeing Defendants' most sensitive information, and the Defendants therefore "strongly urg[ed] the court to place the language in Paragraph 6(d)." *Id.* at n.2.

4

has been Soverain's President for nine years and has testified that she has an ownership interest in Soverain. Ex. B (Nov. 14, 2011 Trial Tr. at 83:1-3); Ex. C (April 27, 2010 Trial Tr. at 66:13-17). According to Ms. Wolanyk, she was hired by Soverain's investors to "run the company," including engaging an engineering team and reaching out to customers, and "ultimately to make money." Ex. C (April 27, 2010 Trial Tr. at 24:13-25). As Soverain's website states, "[u]nder her leadership, Soverain's flagship product Transact has been reinvigorated and the company's intellectual property has been enhanced," and Soverain is "currently completing engineering work on its Transact 7.0 and planning for future development." Ex. D (Soverain's Website). In addition, Ms. Wolanyk has testified that she is actively involved in negotiating Soverain's patent licenses. Ex. B (Nov. 14, 2011 Trial Tr. at 108:12-17). Moreover, as PTO records illustrate, Ms. Wolanyk is intimately involved in prosecuting Soverain's patent applications before the United States Patent Office. *See, e.g.,* Ex. B (Nov. 14, 2011 Trial Tr. at 83:22-84:10); Ex. E (Sept. 7, 2012 Ex Parte Reexamination Interview Summary, SVN4-0063973-75). For example, Ms. Wolanyk has attended interviews with the PTO Examiner as Soverain's company representative. Ex. E.

This information is critical, as courts routinely exclude competitive decision makers from accessing the opposing party's most sensitive information because of the risk they "may inadvertently use the material for inappropriate purposes." *See, e.g., Hyundai Motor Am. v. Clear with Computers, LLC*, No. 6:08-cv-302, 2009 U.S. Dist. LEXIS 132160, at *8, 13 (E.D. Tex. May 11, 2009) (excluding anyone who "counsel[ed] [the plaintiff] or any of his entities on patent acquisition and asserting patents through litigation" from viewing attorney eyes only information). Ms. Wolanyk's role as President at Soverain—and the accompanying strategic decision making that is inherent in such a position—places her squarely in the competitive

5

decision maker category. *See, e.g., Round Rock Research, LLC v. Dell Inc.,* No. 4:11-cv-332, 2012 U.S. Dist. LEXIS 72053, at *2-3, 8-9 (E.D. Tex. Apr. 11, 2012) (agreeing that a protective order should be entered that prevented an attorney, who as the chief executive officer, managing member, and owner of the plaintiff was "an undisputed competitive decision maker," from viewing the defendant's confidential information). In addition, Ms. Wolanyk's active role in Soverain's patent licensing and patent prosecution, which are additional competitive decision making activities, evidences the breadth of her role as Soverain's key decision maker. *See, e.g., ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, No. 6:07-cv-346, 2008 U.S. Dist. LEXIS 107096, at *26-27 (E.D. Tex. Mar. 14, 2008) ("In looking at the totality of the facts surrounding the [attorney's] role in Spangenberg's businesses, from patent acquisition to active involvement in litigation and licensing, all of the concerns prior courts have found critical in denying certain attorneys access to confidential information are present."); *Bear Creek Technologies Inc. v. Verizon Services Corp.*, No. 12-cv-600, 2012 U.S. Dist. LEXIS 112161, at *9-11 (D. Del. July 25, 2012) (finding that active participation in a reexamination involved competitive decisions since the attorney "could be involved in narrowing or surrendering claim scope, the activity the Federal Circuit expressly identified as implicating competitive decision-making").

In determining whether Ms. Wolanyk, as a competitive decision maker, should be given access to some of the Defendants' most sensitive competitive information, "the risk of inadvertent or accidental disclosure of the confidential information" must be weighed "against the receiving party's need for the material to prosecute or defend its claims." *Hyundai Motor Am. v. Clear with Computers*, LLC, No. 6:08-cv-302, 2009 U.S. Dist. LEXIS 132160, at *8 (E.D. Tex. May 11, 2009). Because of Ms. Wolanyk's extensive involvement in all aspects of

Soverain's business, inadvertent disclosure of Defendants' information is almost inevitable. According to Soverain's own website, Ms. Wolanyk is not only actively involved in the development of Soverain's product, but is spearheading the effort. Ex. D. If Ms. Wolanyk sees information regarding Defendants' "unreleased products," it is simply unrealistic to think that she will be able to compartmentalize that information when developing Soverain's own products. Moreover, as Soverain's only legal officer, Ms. Wolanyk is actively involved in Soverain's licensing efforts. *See, e.g.,* Ex. B. There is likewise a high probability that she would inadvertently use Defendants' future business plans and strategies in negotiations of licenses with Defendants and others.

In addition, as an active participant in prosecuting Soverain's patents, there is a significant risk that Ms. Wolanyk could shape Soverain's patent claims and disclosures based on her knowledge of Defendants' unreleased products. *See, e.g., In re Deutsche Bank Trust Co. Americas,* 605 F.3d 1373, 1380 (Fed. Cir. 2010) (identifying "strategic decision[-making] on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or continuations-in-part of applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution" as activities for which there is a "risk of inadvertent disclosure of competitive information"). While anyone who views "Confidential – Outside Counsel Only" information is subject to the Prosecution Bar in this case, the defendants agreed that Soverain's in-house attorney who was allowed to view the "Confidential – Outside Counsel Only" <u>financial</u> information, Ms. Wolanyk, would not be subject to the bar since this <u>financial</u> information does

not implicate concerns regarding patent prosecution.[5] Soverain's suggestion to this Court that information related to "unreleased products, future business plans, and strategies for competition" is "akin" to "financial information" and can be "handled similarly" ignores the fact that the defendants agreed to an exception to the Prosecution Bar for Ms. Wolanyk based on the fact that the <u>only</u> "Confidential – Outside Counsel Only" information that could be disclosed to her was <u>financial</u> information. Motion at p. 3. Forward-looking information related to "unreleased products"—non-public information which identifies a company's cutting edge, innovative ideas—is exactly the type of information which is most at risk of inappropriate use during patent prosecution, whether inadvertent or not.

Conversely, while there is a high risk of inadvertent disclosure, Ms. Wolanyk simply has <u>no</u> need to see Defendants' information related to "unreleased products, future business plans, and strategies for competition" in order prosecute or defend Soverain's claims. It is unclear how "future products, future business plans and strategies for competition" could possibly be relevant, much less be essential evidence, to the question of whether Defendants' <u>current</u> products infringe Soverain's patents and, if they do, what amount of damages is appropriate for that infringement by Defendants' <u>current</u> products. Soverain claims this type of information is "akin to financial information" and relevant to its damages case. Motion at p. 3. Yet, financial data showing <u>past</u> revenue and sales is quite different from "unreleased products, future business plans, and strategies for competition"—all highly sensitive, <u>forward-looking</u> information. Moreover, Soverain could not be awarded damages in any event for any alleged infringement beyond the expiration of its patents—the latest of which is March 2015.

---

[5] Prior to agreeing to allow in-house counsel to view financial "Confidential – Outside Counsel Only," Defendants agreed to an exception the Prosecution Bar for Ms. Wolanyk because she was not allowed to see <u>any</u> "Confidential – Outside Counsel Only" information.

## **CONCLUSION**

In short, allowing Ms. Wolanyk—who is the key competitive decision maker at Soverain—to see some of Defendants' most sensitive information related to future products, plans, and strategies would almost certainly result in inadvertent disclosure that could significantly harm Defendants. Therefore, in order to prevent manifest injustice, the Defendants respectfully request that the Court reconsider whether Soverain's in-house counsel, Katherine Wolanyk, can see information related to "unreleased products, future business plans, and strategies for competition" and modify the Protective Order by moving "unreleased products, future business plans, and strategies for competition" from Section 6(c) to 6(d) of the Protective Order. *See* Ex. F (Protective Order Redline).

/

/

/

/

/

/

/

/

/

/

/

/

/

Dated:   January 24, 2013                    Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric Hugh Findlay
efindlay@findlaycraft.com
TX Bar No. 00789886
Brian Craft
bcraft@FindlayCraft.com
TX Bar No. 04972020
FINDLAY CRAFT
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137

Jared Bobrow
jared.bobrow@weil.com
CA Bar No. 133712
LEAD ATTORNEY
Arjun Mehra
arjun.mehra@weil.com
CA Bar No. 267918
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Melissa Hotze
melissa.hotze@weil.com
TX Bar No. 24049831
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

J. Christopher Carraway
christopher.carraway@klarquist.com
OR Bar No. 961723
Richard D. Mc Leod
TX Bar No. 24026836
rick.mcleod@klarquist.com
James Geringer

OR Bar No. 951783
james.geringer@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

**ATTORNEYS FOR DEFENDANTS EBAY INC., GSI COMMERCE, INC., PAYPAL, INC., AND RADIOSHACK CORP.**

*/s/ Eric M. Albritton (by permission)*
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

John M. Desmarais
(admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Jon T. Hohenthaner
(admitted *pro hac vice*)
jhohenthaner@desmaraisllp.com
Richard M. Cowell
(admitted *pro hac vice*)
rcowell@desmaraisllp.com
DESMARAIS LLP
230 Park Ave.
New York, New York 10169
Telephone: (201) 351-3400
Facsimile: (201) 351-3401

**ATTORNEYS FOR DEFENDANTS INTERNATIONAL BUSINESS MACHINES CORP., FOSSIL, INC., AND HOME DEPOT U.S.A., INC.**

*/s/ John M. Pickett (by permission)*
John M. Pickett
LAW OFFICES OF JOHN PICKETT
4122 Texas Boulevard
Texarkana, Texas 75504
Tel.: (903) 794-1303
Fax: (903) 792-5098
jpickett@jpickettlaw.com

Eric J. Lobenfeld
Ira J. Schaefer
Lyndon M. Tretter
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Tel.: (212) 918-3000
eric.lobenfeld@hoganlovells.com
ira.schaefer@hoganlovells.com
lyndon.tretter@hoganlovells.com

**ATTORNEYS FOR DEFENDANTS J.CREW GROUP, INC., MADEWELL, INC., KOHL'S CORPORATION AND KOHL'S DEPARTMENT STORES, INC.**

*/s/ Clayton C. James (by permission)*
Clayton C. James
Srecko Vidmar
HOGAN LOVELLS LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, Colorado 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
lucky.vidmar@hoganlovells.com

**ATTORNEYS FOR DEFENDANTS ORACLE CORPORATION, ORACLE OTC SUBSIDIARY LLC, BEST BUY CO., INC., BESTBUY.COM LLC, NEIMAN MARCUS, INC., THE NEIMAN MARCUS GROUP, INC., BERGDORFGOODMAN.COM, LLC,**

**AND OFFICE MAX, INC.**

*/s/ Daniel H. Brean (by permission)*
Kent E. Baldauf, Jr., Lead Attorney
Bryan P. Clark
Daniel H. Brean
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Trey Yarbrough
Debra E. Gunter
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191

**ATTORNEYS FOR DEFENDANTS MACY'S, INC., MACYS.COM, INC. AND BLOOMINGDALE'S, INC**.

*/s/ Claudia Wilson Frost (by permission)*
Claudia Wilson Frost
State Bar No. 21671300
DLA PIPER LLP
1000 Louisiana, Suite 2800
Houston, Texas 77002
713.425.8450 – Office
713.300.6050 – Facsimile
laudia.frost@dlapiper.com

Nicholas G. Papastavros (BBO No. 635742)
DLA PIPER LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447
617.406.6000
nick.papastavros@dlapiper.com

**ATTORNEYS FOR DEFENDANTS STAPLES, INC., and QUILL CORPORATION**

*/s/ Stephen C. Stout (by permission)*
David B. Weaver (Lead Attorney)
Texas Bar No. 00798576
Stephen C. Stout
Texas Bar No. 24060672
VINSON &ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel.: (512) 542-8400
Fax: (512) 542-8612
dweaver@velaw.com
sstout@velaw.com

Constance S. Huttner
(admitted pro hac vice)
Hilary L. Preston
Texas Bar No. 24062946
VINSON &ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103-0040
Tel.: (212) 237-0000
Fax: (212) 237-0100
chuttner@velaw.com
hpreston@velaw.com

**ATTORNEYS FOR DEFENDANTS EUROMARKET DESIGNS, INC. AND MEADOWBROOK L.L.C., NORDSTROM, INC., WILLIAMS-SONOMA, INC., SAKS INCORPORATED AND SAKS DIRECT, LLC, OFFICE DEPOT, INC., WALGREEN CO., BEAUTY.COM, INC., DRUGSTORE.COM, INC., AND VISIONDIRECT, INC.**

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 24th of January, 2013.

                                        */s/ Eric H. Findlay*
                                        Eric H. Findlay