IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, ORACLE OTC SUBSIDIARY LLC, BEST BUY CO., INC., BESTBUY.COM, LLC, NEIMAN MARCUS, INC., THE NEIMAN MARCUS GROUP, INC., BERGDORFGOODMAN.COM, LLC, and OFFICE MAX, INC.<br><br>　　　　Defendants. | §§§§§§§§§§§§§§ Civil Action No. 6:12-cv-141<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Soverain Software LLC, by its undersigned attorneys, for its complaint against Defendants Oracle Corporation, Oracle OTC Subsidiary LLC, Best Buy Co., Inc., Bestbuy.com, LLC, Neiman Marcus, Inc., The Neiman Marcus Group, Inc., BergdorfGoodman.com, LLC, and Office Max, Inc. (collectively, "Defendants") hereby alleges the following:

INTRODUCTION

1.  This is an action arising under the patent laws of the United States, Title 35 of the United States Code, for Defendants' infringement of U.S. Patent Nos. 5,715,314 and 5,909,492 (collectively, the "patents-in-suit").

2.  Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability company organized and existing under the laws of Delaware, with its principal place of business at 233 South Wacker Driver, Suite 9425, Chicago, IL 60606.

3. Defendant Oracle Corporation ("Oracle") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 5000 Oracle Parkway, Redwood Shores, California 94065.  Defendant Oracle OTC Subsidiary LLC, formerly known as Art Technology Group, LLC and a wholly owned subsidiary of Oracle, is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.  Defendants Oracle and OT will hereinafter be referred to collectively as "the Oracle Defendants."

4. Defendant Best Buy Co., Inc. is a corporation organized and existing under the laws of the state of Minnesota with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Defendant Bestbuy.com, LLC, a wholly owned subsidiary of Best Buy Co., Inc., is a limited liability company organized and existing under the laws of the state of Virginia with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Defendants Best Buy Co., Inc. and Bestbuy.com, LLC will hereinafter be referred to collectively as "the Best Buy Defendants."

5. Defendant Neiman Marcus, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1618 Main Street, Dallas, Texas 75201.  Defendant The Neiman Marcus Group, Inc., a wholly owned subsidiary of Neiman Marcus, Inc., is a corporation organized and exiting under the laws of the state of Delaware with its principal place of business at 1618 Main Street, Dallas, TX 75201.  Defendant BergdorfGoodman.com, LLC, a wholly owned subsidiary of Neiman Marcus, Inc., is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 1618 Main Street, Dallas, Texas 75201.  Defendants Neiman

Marcus, Inc.  The Neiman Marcus Group, Inc., and BergdorGoodman.com, LLC will hereinafter be referred to collectively as "the Neiman Marcus Defendants."

6. Defendant Office Max, Inc. ("Office Max") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 263 Shuman Blvd., Naperville, IL 60563.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because it has committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used in this District.  These acts cause injury to Soverain within the District.  On information and belief, Defendants derives substantial revenue from the infringing products used within the District, and/or expect or should reasonably expect its actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Moreover, Plaintiff Soverain has previously asserted the patents-in-suit in this Division, during which this Court issued several orders and opinions, conducted claim construction proceedings, and presided over trial.  *See Soverain Software LLC v. Amazon.com, Inc. and The Gap, Inc.*, Case No. 6:04-cv-014 (filed Jan. 12, 2004); *Soverain Software LLC v. CDW Corp., et al.,* Case No. 6:07-cv-511 (filed Nov. 23, 2007); *Soverain Software LLC v. J.C. Penney Corp., Inc. et al.,* Case No. 6:09-cv-274 (filed Jun. 25, 2009).

3120053v1/012971

10. The Oracle Defendants and the other Defendants are properly joined in this action because the Oracle Defendants own the accused ATG e-commerce software. Upon information and belief, the Oracle Defendants have licensed their ATG software to the other Defendants, each of which utilizes the ATG software for its respective e-commerce websites.

THE PATENTS-IN-SUIT

11. Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,715,314 (the "'314 patent") entitled "Network Sales System." The '314 patent was duly and properly issued by the United States Patent and Trademark Office on February 3, 1998 and assigned to Soverain. The PTO reexamined the '314 patent and issued *Ex Parte* Reexamination Certificate No. 5,715,314 C1 on October 9, 2007. A copy of the '314 patent is attached hereto as Exhibit A. A copy of the *Ex Parte* Reexamination Certificate 5,715,314 C1 is attached hereto as Exhibit B.

12. Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,909,492 (the "'492 patent") entitled "Network Sales System." The '492 patent was duly and properly issued by the United States Patent and Trademark Office on June 1, 1999 and assigned to Soverain. The PTO reexamined the '492 patent and issued *Ex Parte* Reexamination Certificate No. 5,909,492 C1 on August 7, 2007. A copy of the '492 patent is attached hereto as Exhibit C. A copy of the *Ex Parte* Reexamination Certificate No. 5,909,492 C1 is attached hereto as Exhibit D.

13. Plaintiff Soverain has marked its product with the numbers of one or more of the patents in suit.

COUNT I: INFRINGEMENT BY THE ORACLE DEFENDANTS

14. Upon information and belief, the Oracle Defendants, through their development,

4

use, sale, and offer for sale of the ATG e-commerce software and also through other systems and methods related to shopping for and purchasing items through e-commerce websites and network-based sales systems, including but not limited to www.shop.oracle.com, have infringed and continue to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271(a) by making, using, offering for sale, or selling within the United States, products or processes that practice inventions claimed in those patents.

15. Upon information and belief, the Oracle Defendants have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions claimed in those patents. For example, the Oracle Defendants' clients, such as the Neiman Marcus Defendants, Best Buy, and OfficeMax ("the Retailers"), practice and directly infringe one or more claims of the patents-in-suit by, among other acts, using Oracle's systems and software to implement their respective e-commerce websites and network-based sales systems. Additionally, the Retailers also directly infringe one or more claims of the patents-in-suit by, among other acts, using Oracle's systems and software to implement their hypertext statement systems for storing and retrieving order details and status.

16. The Retailers' customers also independently practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Retailers' websites, such as www.neimanmarcus.com, www.bestbuy.com, and www.officemax.com, to search for products offered and sold by the Retailers, adding to and removing products from an electronic shopping cart maintained by the Retailers, and ultimately paying for those products from the Retailers. The Retailers' customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Retailers' websites, network-based sales systems, and

5

hypertext statement systems to retrieve the details and status of orders placed with the Retailers. All of this is performed over computers interconnected by a network.

17. The previous assignee of the patents, Open Market, Inc., informed Art Technology Group, LLC, the predecessor-in-interest of Defendant OTC, that it was infringing the patents-in-suit through correspondence dated February 12, 2001 and thereafter. The Oracle Defendants have had actual notice of the patents-in-suit since at least as early as February 12, 2001. Additionally, Plaintiff Soverain has previously asserted these and other patents against companies operating similar e-commerce websites, including some of the largest retailers—web-based or otherwise—in the United States. *See supra* ¶9. It is thus more than reasonable to infer that the Oracle Defendants either had actual knowledge of or were willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, the Oracle Defendants have actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

18. Moreover, the Oracle Defendants affirmatively contract with, sell, offer to sell, market, advertise, and encourage the Retailers to implement the network-based sales system and hypertext statement system functionalities into their respective e-commerce websites. This context and common sense give rise to a more than reasonable inference that the Oracle Defendants intended to induce the Retailers and the Retailer's customers to practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit. Because the Oracle Defendants specifically intended to induce the Retailers and the Retailers' customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, the Oracle Defendants are liable for infringement under 35 U.S.C. §271(b).

19. Upon information and belief, the Oracle Defendants have infringed and continue

to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents. Plaintiff Soverain incorporates by reference the allegations in the preceding paragraphs. The Retailers and similar customers implementing Oracle's system and software for e-commerce websites and network-based sales systems practice the patents-in-suit. Similarly, each Retailer's customer purchasing products through websites such as www.neimanmarcus.com, www.bestbuy.com, and www.officemax.com, practices the patents-in-suit. For example, customers access the Retailers' websites on the Internet, a network, to shop for and purchase a variety of items offered for sale. Each customer's computer is programmed by the Oracle Defendants. This programming allows customers to select items to purchase by adding them to an electronic shopping cart the Retailer websites. This programming also allows customers to modify the contents of the shopping cart, and to complete the transaction at a later time and from a separate device, if necessary. A shopping cart is kept for each individual customer and each item is identified in the cart. The customer can then purchase the items in the shopping cart by sending a request through the website, which initiates a payment transaction for the items in the shopping cart. Further, the Retailers' websites allow customers to check the status of a transaction, place a reorder and process a return.

20. These acts by the Retailers' customers constitute direct infringement of the '314 and '492 patents, and as used in the manner described above, the accused network-based sales systems and hypertext statement systems have no substantial non-infringing uses. Accordingly, the Oracle Defendants are liable for contributory infringement.

21. Upon information and belief, the Oracle Defendants' infringement of the patents-in-suit is willful and deliberate, entitling Plaintiff Soverain to enhanced damages under 35 U.S.C.

§284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. §285. As discussed above, the previous assignee of the patents, Open Market, Inc., informed Defendant OTC's predecessor-in-interest Art Technology Group LLC ("ATG") that ATG was infringing the patents-in-suit through correspondence dated February 12, 2001 and thereafter. Accordingly, the Oracle Defendants have had actual notice of the patents-in-suit since at least as early as February 12, 2001. Nevertheless, the Oracle Defendants have infringed and continue to infringe the patents-in-suit despite the objectively high likelihood that their actions constitute patent infringement.

22. Plaintiff Soverain has been damaged by the Oracle Defendants' infringement and will continue to be damaged by such infringement.

23. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless the Oracle Defendants are enjoined therefrom by this Court.

## COUNT II: INFRINGEMENT BY BEST BUY

24. Upon information and belief, the Best Buy Defendants, through their use of systems and methods related to shopping for and purchasing items through Best Buy's websites and network-based sales systems, including but not limited to [www.bestbuy.com](www.bestbuy.com), have infringed and continue to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

25. Upon information and belief, the Best Buy Defendants, through their use of systems and methods related to shopping for and purchasing items through their websites and network-based sales systems, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell or offer for sale within the

8

United States, products or processes that practice inventions claimed in those patents. In particular, the Best Buy Defendants' customers practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing www.bestbuy.com to search for products offered and sold by the Best Buy Defendants, adding to and removing products from an electronic shopping cart maintained by the Best Buy Defendants, and ultimately paying for those products from the Best Buy Defendants. The Best Buy Defendants' customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Best Buy Defendants' websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with the Best Buy Defendants. All of this is performed over computers interconnected by a network.

26.     As discussed above, Plaintiff Soverain has previously asserted these and other patents against several companies operating similar e-commerce websites, including some of the largest retailers in the United States. *See supra*. When viewed in the context of the industry in which the claimed network sales systems and hypertext statement systems are used, it is reasonable to infer that the Best Buy Defendants either had actual knowledge of or were willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, the Best Buy Defendants have actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

27.     Moreover, the Best Buy Defendants allow and encourages visitors and customers of www.bestbuy.com to utilize the network-based sales systems and hypertext statement systems, with—along with common sense—creates a reasonable inference that the Best Buy Defendants intend to have their customers practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit. Because the Best Buy Defendants

specifically intended to induce their customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, the Best Buy Defendants are liable for infringement under 35 U.S.C. §271(b).

28.   Upon information and belief, the Best Buy Defendants, through their use of systems and methods related to shopping for and purchasing items through their websites, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S. C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents.  Plaintiff Soverain incorporates by reference the allegations in the proceeding paragraphs.  In addition, each customer purchasing products through www.bestbuy.com practices the patents-in-suit.  For example, customers access www.bestbuy.com website on the Internet, a network, to shop for and purchase a variety of items offered for sale.  Each customer's computer is programmed by www.bestbuy.com.  This programming allows customers to select items to purchase by adding them to an electronic shopping cart on www.bestbuy.com.  This programming also allows customers to modify the contents of the shopping cart, and to complete the transaction at a later time and from a separate device, if necessary.  A shopping cart is kept for each individual customer and each item is identified in the cart.  The customer can then purchase the items in the shopping cart by sending a request through www.bestbuy.com, which initiates a payment transaction for the items in the shopping cart.  Further, www.bestbuy.com allows customers to check the status of a transaction, place a reorder and process a return.

29.   These acts by the Best Buy Defendants' customers constitute direct infringement of the '314 and '492 patents, and as used in the manner described above, the accused network-based sales systems and hypertext statement systems have no substantial non-infringing uses.

3120053v1/012971

Accordingly, the Best Buy Defendants are liable for contributory infringement.

30. Plaintiff Soverain has been damaged by the Best Buy Defendants' infringement and will continue to be damaged by such infringement.

31. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless the Best Buy Defendants are enjoined therefrom by this Court.

COUNT III: INFRINGEMENT BY NEIMAN MARCUS

32. Upon information and belief, the Neiman Marcus Defendants, through their use of systems and methods related to shopping for and purchasing items through the Neiman Marcus Defendants' websites and network-based sales systems, including but not limited to www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com, have infringed and continue to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

33. Upon information and belief, the Neiman Marcus Defendants, through their use of systems and methods related to shopping for and purchasing items through its websites and network-based sales systems, has infringed and continues to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell or offer for sale within the United States, products or processes that practice inventions claimed in those patents. In particular, the Neiman Marcus Defendants' customers practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com to search for products offered and sold by the Neiman Marcus Defendants, adding to and removing

11

products from an electronic shopping cart maintained by the Neiman Marcus Defendants, and ultimately paying for those products from the Neiman Marcus Defendants. The Neiman Marcus Defendants' customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Neiman Marcus Defendants' websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with the Neiman Marcus Defendants. All of this is performed over computers interconnected by a network.

34. As discussed above, Plaintiff Soverain has previously asserted these and other patents against several companies operating similar e-commerce websites, including some of the largest retailers in the United States. *See supra* ¶6. When viewed in the context of the industry in which the claimed network sales systems and hypertext statement systems are used, it is reasonable to infer that the Neiman Marcus Defendants either had actual knowledge of or were willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, the Neiman Marcus Defendants have actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

35. Moreover, the Neiman Marcus Defendants allow and encourage visitors and customers of www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com to utilize the network-based sales systems and hypertext statement systems, with—along with common sense—creates a reasonable inference that the Neiman Marcus Defendants intends to have their customers practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit. Because the Neiman Marcus Defendants specifically intended to induce their customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, the Neiman Marcus

Defendants are liable for infringement under 35 U.S.C. §271(b).

36. Upon information and belief, the Neiman Marcus Defendants, through their use of systems and methods related to shopping for and purchasing items through their websites, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S. C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents. Plaintiff Soverain incorporates by reference the allegations in the proceeding paragraphs. In addition, each customer purchasing products through www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com practices the patents-in-suit. For example, customers access www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com website on the Internet, a network, to shop for and purchase a variety of items offered for sale. Each customer's computer is programmed by www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com. This programming allows customers to select items to purchase by adding them to an electronic shopping cart on www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com. This programming also allows customers to modify the contents of the shopping cart, and to complete the transaction at a later time and from a separate device, if necessary. A shopping cart is kept for each individual customer and each item is identified in the cart. The customer can then purchase the items in the shopping cart by sending a request through www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com, which initiates a payment transaction for the items in the shopping cart. Further, www.neimanmarcus.com, www.lastcall.com, www.cusp.com, www.horchow.com, and www.bergdorfgoodman.com allow

3120053v1/012971

customers to check the status of a transaction, place a reorder and process a return.

37. These acts by the Neiman Marcus Defendants' customers constitute direct infringement of the '314 and '492 patents, and as used in the manner described above, the accused network-based sales systems and hypertext statement systems have no substantial non-infringing uses. Accordingly, the Neiman Marcus Defendants are liable for contributory infringement.

38. Plaintiff Soverain has been damaged by the Neiman Marcus Defendants' infringement and will continue to be damaged by such infringement.

39. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless the Neiman Marcus Defendants are enjoined therefrom by this Court.

## COUNT IV: INFRINGEMENT BY OFFICE MAX

40. Upon information and belief, Defendant Office Max, Inc., through its use of systems and methods related to shopping for and purchasing items through Office Max's websites and network-based sales systems, including but not limited to www.officemax.com, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

41. Upon information and belief, Office Max, through its use of systems and methods related to shopping for and purchasing items through its websites and network-based sales systems, has infringed and continues to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell or offer for sale within the United States, products or processes that practice inventions claimed in those patents. In particular, Office Max's customers practice and directly infringe one or more claims of the patents-in-suit by,

among other acts, accessing www.officemax.com to search for products offered and sold by Office Max, adding to and removing products from an electronic shopping cart maintained by Office Max, and ultimately paying for those products from Office Max. Office Max's customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing Office Max's websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with Office Max. All of this is performed over computers interconnected by a network.

42. As discussed above, Plaintiff Soverain has previously asserted these and other patents against several companies operating similar e-commerce websites, including some of the largest retailers in the United States. *See supra*. When viewed in the context of the industry in which the claimed network sales systems and hypertext statement systems are used, it is reasonable to infer that Office Max either had actual knowledge of or was willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, Office Max has actual knowledge of the patents-in-sit as of the date of Plaintiff's Complaint.

43. Moreover, Office Max allows and encourages visitors and customers of www.officemax.com to utilize the network-based sales systems and hypertext statement systems, with—along with common sense—creates a reasonable inference that Office Max intends to have its customers practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit. Because Office Max specifically intended to induce its customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, Office Max is liable for infringement under 35 U.S.C. §271(b).

44. Upon information and belief, Office Max, through its use of systems and methods

15

related to shopping for and purchasing items through its websites, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S. C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents. Plaintiff Soverain incorporates by reference the allegations in the proceeding paragraphs. In addition, each customer purchasing products through www.officemax.com practices the patents-in-suit. For example, customers access www.officemax.com website on the Internet, a network, to shop for and purchase a variety of items offered for sale. Each customer's computer is programmed by www.officemax.com. This programming allows customers to select items to purchase by adding them to an electronic shopping cart on www.officemax.com. This programming also allows customers to modify the contents of the shopping cart, and to complete the transaction at a later time and from a separate device, if necessary. A shopping cart is kept for each individual customer and each item is identified in the cart. The customer can then purchase the items in the shopping cart by sending a request through www.officemax.com, which initiates a payment transaction for the items in the shopping cart. Further, www.officemax.com allows customers to check the status of a transaction, place a reorder and process a return.

45. These acts by Office Max's customers constitute direct infringement of the '314 and '492 patents, and as used in the manner described above, the accused network-based sales systems and hypertext statement systems have no substantial non-infringing uses. Accordingly, Office Max is liable for contributory infringement.

46. Plaintiff Soverain has been damaged by Office Max's infringement and will continue to be damaged by such infringement.

47. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will

continue to do so unless Office Max is enjoined therefrom by this Court.

## JURY DEMAND

48.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Soverain respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Soverain requests entry of judgment in its favor and against Defendants as follows:

A.  Declaring that the Oracle Defendants, the Best Buy Defendants, the Neiman Marcus Defendants, and Office Max have infringed U.S. Patent Nos. 5,715,314 and 5,909,492.

B.  Declaring that the Oracle Defendants' infringement of U.S. Patent Nos. 5,715,314 and 5,909,492 has been willful.

C.  Awarding the damages arising out of the Oracle Defendants, the Best Buy Defendants, the Neiman Marcus Defendants, and Office Max's infringement of U.S. Patent Nos. 5,715,314 and 5,909,492, including enhanced damages pursuant to 35 U.S.C. § 284, to Soverain, together with prejudgment and post-judgment interest, in an amount according to proof;

D.  Permanently enjoining the Oracle Defendants, the Best Buy Defendants, the Neiman Marcus Defendants, and Office Max and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,715,314 and 5,909,492.

E.  Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted

17

    by law; and

F.    Awarding such other costs and further relief as the Court may deem just and proper.

DATED: April 4, 2014        Respectfully submitted,

    By: */s/ John P. Lahad*
    T. John Ward, Jr.
    State Bar No. 00794818
    jw@jwfirm.com
    Wesley Hill
    State Bar No. 24032294
    wh@wsfirm.com
    Claire Abernathy Henry
    State Bar No. 24053063
    Claire@wsfirm.com
    WARD AND SMITH LAW FIRM
    PO Box 1231
    1127 Judson Rd., Suite 220
    Longview, TX 75606-1231
    Telephone (903) 757-6400
    Facsimile (903) 757-2323

    Max L. Tribble, Jr. – Lead Counsel
    State Bar No. 20213950
    mtribble@susmangodfrey.com
    John P. Lahad
    State Bar No. 24068095
    jlahad@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Telephone: (713) 651-9366
    Facsimile: (713) 654-6666

    Justin A. Nelson
    State Bar No. 24034766
    jnelson@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1201 Third Ave, Suite 3800
    Seattle, WA 98101
    Telephone: (206) 516-3880
    Facsimile: (206) 516-3883

    Kalpana Srinivasan
    CA State Bar No. 237460
    ksrinivasan@susmangodfrey.com

SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Michael C. Smith
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH L.L.P.
113 East Austin St.
P.O. Box 1556
Marshall, Texas 75671
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
michaelsmith@seibman.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Soverain Software LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 4th day of April, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

                                                        */s/ John P. Lahad*
                                                             John P. Lahad